1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

LAURA WILLIS ALBRIGO, on behalf of herself and all others similarly situated,

        Plaintiff,

v.

AMAZON.COM SERVICES LLC,

        Defendant.

Case No.

**<u>CLASS ACTION COMPLAINT</u>**

**DEMAND FOR JURY TRIAL**

**NATIONWIDE RELIEF SOUGHT**

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

**NATURE OF THE CASE**

1.     This class action seeks to hold Defendant Amazon.com Services LLC ("Defendant" or "Amazon") accountable for falsely labeling and marketing its Amazon Basics brand Body Wash for Sensitive Skin (the "Product") as "hypoallergenic," "unscented," and suitable for "sensitive skin." As explained below, this Product is neither "hypoallergenic," "unscented," nor suitable for "sensitive skin" because it contains fragrance chemicals and other skin sensitizers in sufficient quantities to cause skin irritation and allergic reactions in the Product's intended users (*i.e.*, consumers with sensitive skin).

2.     Allergic contact dermatitis is the fifth most prevalent skin disease in the U.S., exceeding $1.5 billion in direct annual medical costs. It is more than a fleeting irritation; it is a red, itchy rash that, at its worst, can blister, caused by exposure to substances that either irritate or inflame the skin. The latter is an allergic reaction that occurs once the skin becomes sensitized to an otherwise harmless substance.

3.     Between 1996 and 2016, the prevalence of dermatitis caused by personal care products increased by almost 300%. As much as 70% of the U.S. population is allergic to at least one personal care product ingredient. According to the Centers for Disease Control and Prevention ("CDC"), 8.8 million children (12% of U.S. children) reported skin allergies in 2012, with 14.2% of children ages 0-4 affected.

4.     Identifying allergens can be difficult because reactions are attenuated in both space and time. Some reactions manifest a week after exposure, and the immune system can sometimes "remember" the initial exposure, causing reactions to appear later on the originally exposed body part even when a different product is applied elsewhere. In other cases, cross-reactivity can cause the immune system to have an allergic reaction to something new by mistaking it for a structurally similar allergen from a previous exposure. Antibodies recognize shared, similar protein shapes, leading to symptoms upon first contact despite no prior exposure to that specific allergen.

5.     Consequently, consumers with sensitive skin and skin conditions increasingly seek out and rely on terms like "hypoallergenic," "unscented," and "sensitive skin" when making purchasing

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

decisions about skin care and hygiene products. Those without allergies seek "hypoallergenic," "unscented," and "sensitive skin" products to avoid developing sensitivities; those with allergies seek such products to avoid inflammatory responses from unidentified allergens.

6.      This case involves Defendant's widespread, deceptive use of the terms "hypoallergenic," "unscented," and "sensitive skin" on the Product's labels and marketing materials. The Product's front label prominently represents to consumers that the Product is "hypoallergenic" and for "sensitive skin." And until very recently, the Product's landing page on amazon.com claimed the Product was "unscented" in at least three different locations, including in the Product name itself: "Amazon Basics Body Wash for Sensitive Skin, Hypoallergenic, Unscented, 22 fl oz (Pack of 2)".

7.      These representations are false. The truth is the Product is not hypoallergenic, suitable for sensitive skin, or unscented because it contains fragrance chemicals and other skin sensitizers in amounts that can reasonably be expected to induce an allergic response in a significant number of the Product's intended users. Indeed, fragrance is one of the most common allergens and skin irritants, and a leading cause of allergic contact dermatitis according to the American Academy of Dermatology ("AAD"). The AAD estimates about 2.5 million Americans have fragrance allergies. Many fragrance chemicals also share similar structural features, which contributes to cross-reactivity.

8.      As a result of the Product's ingredients, the Product is also just as likely and, for some products, more likely to cause an allergic reaction in its intended users than similar, competing products which do not claim to be hypoallergenic. An example is Defendant's own Amazon Basics brand Moisturizing Body Wash. Compared to the Product, the moisturizing body wash has *identical* ingredients except that the Product ironically contains a higher concentration of Sodium Lauroyl Isethionate (a surfactant) relative to its concentration of Coconut Oil (a moisturizer). And yet Defendant does not market the moisturizing body wash as "hypoallergenic" or "unscented" or for "sensitive skin" despite the lower concentration of surfactants which are known skin irritants and contact allergens.

9.      Another example is Kroger's Sensitive Skin Body Wash, a copycat product which, like the Product, compares itself to Dove Sensitive Skin Hypoallergenic Body Wash. However, unlike

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Dove's body wash and Defendant's Product, Kroger chooses not to deceive consumers by claiming the product is "hypoallergenic" or "unscented" anywhere on the label.[1]

10.    The Product is also far more likely to cause an allergic reaction in its intended users than similar, competing products which claim to be hypoallergenic, unscented, and for "sensitive skin" on their labels and, in fact, are hypoallergenic. An example is Cetaphil Ultra Gentle Body Wash Sensitive, which has a "Hypoallergenic" claim on its front label, contains zero fragrance chemicals, and, as a result, is less likely to cause issues with sensitive skin than the Product.

11.    By deceiving consumers about the nature, quality, and/or ingredients of its Product, Defendant takes away market share from competing products and has increased its own sales and profits. Consumers lack the ability to test or independently ascertain the potential for allergic contact dermatitis at the point of sale. Reasonable consumers must and do rely on Defendant and its competitors to honestly report the nature of their products and ingredients.

12.    Plaintiff brings this action individually and on behalf of similarly situated consumers who purchased the Product that was falsely and misleadingly labeled and marketed as "hypoallergenic," "unscented," and for "sensitive skin." Plaintiff seeks to represent a nationwide class seeking damages, interest thereon, reasonable attorney fees and costs, restitution, equitable relief, and disgorgement of all benefits Defendant has enjoyed from its unlawful and deceptive business practices, as detailed herein. In addition, Plaintiff seeks injunctive relief to stop Defendant's unlawful conduct in the labeling and marketing of the Product. Plaintiff makes these allegations based on her personal knowledge as to herself and her own acts and observations and, otherwise, on information and belief based on investigation of counsel.

## THE PARTIES

13.    Plaintiff Laura Willis Albrigo is domiciled in California. Plaintiff purchased a single 22 fluid ounce bottle of the Product from amazon.com on October 25, 2025 while residing in San Diego

---

[1] The Kroger brand label may itself be misleading because, like Defendant's Product, it too is not suitable for "sensitive skin."

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

for $4.79 plus tax ($5.16 total). Plaintiff purchased the Product because she has sensitive skin and fragrance ingredients have irritated her skin in the past. While using the Product Plaintiff developed a rash due to an allergic reaction.

14.    Plaintiff reviewed and relied on the "hypoallergenic," "unscented," and "sensitive skin" representations on the Product's front label and the Product's landing page on amazon.com before buying it.

15.    If Plaintiff had known the Product was falsely labeled and marketed, and was not in fact hypoallergenic or unscented or for sensitive skin, Plaintiff would not have bought it or would have paid less.

16.    In other words, Plaintiff would not have purchased the Product at all, or would not have purchased the Product on the same terms or for the same price, had she known: (a) that the Product was not hypoallergenic or unscented or suitable for sensitive skin as advertised; (b) that the Product contained skin sensitizers or allergens in sufficient quantities to cause skin irritation or corrosion or contact dermatitis in its intended users; (c) that the Product contained fragrance chemicals in amounts that can reasonably be expected to induce an allergic response in a significant number of the Product's intended users; (d) that the Product is just as likely and, for some products, more likely to cause an allergic reaction in its intended users than similar, competing products which do not claim to be hypoallergenic; and/or (e) that the Product is more likely to cause an allergic reaction in its intended users than similar, competing products which claim to be hypoallergenic on their labels and, in fact, are hypoallergenic when compared to the Product because they omit fragrance chemicals.

17.    Plaintiff remains interested in purchasing similar body wash products that are truly hypoallergenic, unscented, and/or suitable for sensitive skin. Plaintiff also remains interested in purchasing, and would purchase, the Product at issue in this case if it were labeled truthfully. However, she cannot know for certain whether the false labeling of the Product has been or will be corrected. The composition of the Product may change over time, but if Defendant continues to make the representations at issue here, then, when presented with false or misleading information while

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

shopping, Plaintiff will be unable to make informed decisions about whether to purchase the Product. Plaintiff is further likely to be repeatedly misled by Defendant's conduct, unless and until Defendant is compelled to ensure that the Product's marketing is accurate and no longer has the tendency or capacity to deceive or confuse reasonable consumers.

18.    Defendant Amazon.com Services LLC is a Delaware corporation with its principal office located at 410 Terry Avenue N., Seattle, WA 98109. Defendant advertises, distributes, and sells the Product under its brand Amazon Basics brand online at amazon.com. The Product includes the Amazon Basics logo and name, and Defendant sells it in 22 fluid ounce bottles as a pack of 1 or 2, and possibly other sizes and configurations. Defendant is responsible for the labeling of the Product and its formulation, as well as all marketing materials and language that accompanies the Product on Defendant's website.

## **JURISDICTION AND VENUE**

19.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendant.

20.    This Court has personal jurisdiction over Defendant because it conducts substantial business and is headquartered in Washington.  A substantial portion of the events giving rise to the claims alleged here occurred in this state.

21.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and because Defendant engages in continuous and systematic business activities within this District.  Defendants are subject to personal jurisdiction in this District.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

**FACTUAL ALLEGATIONS**

**A.    The Hypoallergenic Product Market**

22.    According to the CDC, 8.8 million children (12% of U.S. children) reported skin allergies in 2012. Skin allergies are even more prevalent among young children; CDC reports that 14.2% of children between the ages of 0 and 4 suffered a skin allergy in 2012. These numbers are likely to underreport the prevalence of allergic contact dermatitis. Recent studies show that somewhere between 14-70% of children suffer from skin allergies, based on positive patch skin tests.

23.    Skin allergies are similarly prevalent among adults. A significant portion of the U.S. population has allergies that are triggered by skin care products. Allergic contact dermatitis is the fifth most prevalent skin disease in the U.S.[2] Personal care products such as soaps, lotions, and fragrances frequently contain ingredients that may cause allergic contact dermatitis. The prevalence of dermatitis related to personal care products increased by almost 300% between 1996 and 2016.

24.    Over the last decade, retail chains have become the most prolific manufacturers, marketers, and distributors of so-called "natural," "clean," "hypoallergenic," and "sensitive skin" personal care products, accounting for just over 40% of world-wide revenue in 2019. However, the U.S. Food and Drug Administration ("FDA") has not defined or regulated the terms "natural," "clean," "hypoallergenic," or "sensitive skin," resulting in sellers and manufacturers freely advertising with these terms to imply safety and health benefits to unsuspecting consumers.

25.    Given the increased prevalence of allergic contact dermatitis and other skin conditions, there is no question consumers increasingly seek the presence of such terms on product labels when shopping for themselves and their children. Those who do not already suffer from skin allergies seek hypoallergenic, unscented, and "sensitive skin" products to avoid developing skin allergies. Those who do suffer from skin allergies, or have children who suffer from skin allergies, seek hypoallergenic,

---

[2] Young PA, Gui H, Bae GH. Prevalence of Contact Allergens in Natural Skin Care Products From US Commercial Retailers. JAMA Dermatol. 2022;158(11):1323–1325. doi:10.1001/jamadermatol.2022.3180, https://jamanetwork.com/journals/jamadermatology/fullarticle/2795927

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

unscented, and "sensitive skin" products to avoid unknown and/or hidden allergens or sensitizers that will exacerbate or prolong their conditions.

26.     Vulnerable consumers, such as parents of children with skin sensitivities and individuals with histories of allergic reactions, are thus subject to exploitation by manufacturers of these products.

27.     Consumers are willing to pay more for products labeled "hypoallergenic" and for "sensitive skin." In reality, so-called hypoallergenic, sensitive-skin products may contain the same potential allergens as their standard counterparts, or may simply have replaced common allergens with less-studied ingredients that pose their own risks.

28.     When skin is exposed to a sufficient amount of a chemical allergen, the skin is "sensitized." Upon re-exposure to the allergen, the skin initiates an inflammatory cascade, causing skin changes associated with allergic contact dermatitis. These include redness, oedema (fluid retention), scaling, fissures (cracking), vesicles (fluid-filled sacs), bullae (bubble-like cavity), and eventually oozing.

29.     Contact sensitization and related skin allergies can severely affect a person's quality of life, depending on the severity and the site of skin sensitization. People suffering from noticeable skin allergies will try to hide the symptoms under clothing if possible, and if not, will avoid public spaces entirely. In either case, the skin allergies can dramatically affect a person's confidence and engagement in life.

30.     It is difficult to identify the substance causing an allergic response. Allergic contact dermatitis develops several days after exposure to a skin allergen. Some substances do not cause symptoms until a week after exposure.

31.     Once an individual is sensitized to an allergen, future contact with the allergen can trigger a response in the original site of sensitization. For example, if someone had an allergic response to a product used on the face, and later used a different product containing the same allergen on the legs, the allergic response could occur on the face, even if the face was never exposed to the second product.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

32.     In other cases, cross-reactivity can cause the immune system to have an allergic reaction to something new by mistaking it for a structurally similar allergen from a previous exposure. Antibodies recognize shared, similar protein shapes, leading to symptoms upon first contact despite no prior exposure to that specific allergen. Many fragrance chemicals share similar structural features, which contributes to cross-reactivity.

33.     When a consumer cannot identify the material to which they are allergic, allergic contact dermatitis will persist, and often takes longer to resolve even after the cause is identified.

34.     Thus, consumers actively seek out hypoallergenic and purported sensitive skin products to avoid a skin allergy from occurring at all and/or to prevent a known skin allergy from repeating the inflammatory cascade. Consumers actively seek out fragrance-free or unscented products for the same reasons.

**B.      Defendant's Marketing Claims**

35.     Defendant markets and sells the Product online at amazon.com to consumers throughout the United States.

36.     Defendant bases the Product's marketing scheme on appealing to consumers seeking hypoallergenic, unscented, and sensitive-skin products. The Product's front label prominently represents to consumers that the Product is purportedly for "Sensitive Skin" and "Hypoallergenic," alongside claims of being "Dermatologist Tested," "Gentle Cleansing," "Formulated without Parabens," and comparable to "Dove Sensitive Skin – Nourishing Body Wash":

8

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

37.     On the Product's landing page on amazon.com, Defendant reinforces these claims, with "Hypoallergenic" being the first descriptor in the Product's name, and the "sensitive skin" claim right behind it:



38.     During most of the Class Period (defined below), directly below the area where a consumer would select the quantity of bottles to purchase, Defendant represented the Product as "unscented":

WYATT GRONSKI
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.305.7784



39.    During most of the Class Period, Defendant also included the term "unscented" **directly in the Product name** on the Product's 2-pack landing page as follows: "Amazon Basics Body Wash for Sensitive Skin, Hypoallergenic, **Unscented**, 22 fl oz (Pack of 2)." (emphasis added). On the Product pages, Defendant also marketed the Product as follows: "RICH AND CREAMY LATHER: Enjoy a rich, creamy lather when you bathe with this **unscented** body wash." (emphasis added).

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

40.     Defendant published these "unscented" claims in the Product name and pages as of at least June 5, 2025, but they likely remained through the winter of 2025. Plaintiff mailed Defendant a pre-suit notice letter on November 18, 2025; at some point thereafter, Defendant revised the Product name and Product pages to remove references to "unscented." For example, the Product pages now say: "RICH AND CREAMY LATHER: Enjoy a rich, creamy lather when you bathe with this body wash."

41.     Notwithstanding, as discussed below, Plaintiff and thousands of putative class members were deceived by Defendant's "unscented" claims prior to Defendant's revision, and continue to be deceived by Defendant's "hypoallergenic" and "sensitive skin" claims.

42.     On the Product's back label, hidden in small print that reasonable consumers are not likely to notice, Defendant lists fragrance as an ingredient:

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Cleanse your skin with our hypoallergenic, gentle cleansing body wash. Made with a blend of Coconut Oil, Shea Butter, Soybean Oil and Glycerin. Formulated without parabens.

**DIRECTIONS:** Squeeze desired amount of body wash onto a wet pouf, sponge or washcloth and apply to body. Work into a rich, creamy lather then rinse off.

**CAUTION:** FOR EXTERNAL USE ONLY. AVOID CONTACT WITH EYES. IF THIS SHOULD OCCUR, RINSE WITH WATER. **KEEP OUT OF REACH OF CHILDREN.**

**INGREDIENTS:** WATER, COCAMIDOPROPYL BETAINE, SODIUM HYDROXYPROPYL STARCH PHOSPHATE, LAURIC ACID, SODIUM LAUROYL ISETHIONATE, COCOS NUCIFERA (COCONUT) OIL, BUTYROSPERMUM PARKII (SHEA) BUTTER, GLYCINE SOJA (SOYBEAN) OIL, GUAR HYDROXYPROPYLTRIMONIUM CHLORIDE, SODIUM LAUROYL GLYCINATE, GLYCERIN, STEARIC ACID, PALMITIC ACID, PEG-150 DISTEARATE, BHT, DISODIUM EDTA, SODIUM HYDROXIDE, SODIUM CHLORIDE, PHENOXYETHANOL, FRAGRANCE.

*This product is not manufactured or distributed by Conopco, Inc., owner of the registered trademark Dove®.

Distributed by:
Amazon.com Services LLC
Seattle, WA 98109
1-877-485-0385
Manufactured in the USA



© 2023 Amazon.com, Inc. or its affiliates. All rights reserved.
www.amazon.com/amazonbasics



P-05850                    05-4695

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Cleanse your skin with our hypoallergenic, gentle cleansing body wash. Made with a blend of Coconut Oil, Shea Butter, Soybean Oil and Glycerin. Formulated without parabens.

**DIRECTIONS:** Squeeze desired amount of body wash onto a wet pouf, sponge or washcloth and apply to body. Work into a rich, creamy lather then rinse off.

**CAUTION:** FOR EXTERNAL USE ONLY. AVOID CONTACT WITH EYES. IF THIS SHOULD OCCUR, RINSE WITH WATER. **KEEP OUT OF REACH OF CHILDREN.**

**INGREDIENTS:** WATER, COCAMIDOPROPYL BETAINE, SODIUM HYDROXYPROPYL STARCH PHOSPHATE, LAURIC ACID, SODIUM LAUROYL ISETHIONATE, COCOS NUCIFERA (COCONUT) OIL, BUTYROSPERMUM PARKII (SHEA) BUTTER, GLYCINE SOJA (SOYBEAN) OIL, GUAR HYDROXYPROPYLTRIMONIUM CHLORIDE, SODIUM LAUROYL GLYCINATE, GLYCERIN, STEARIC ACID, PALMITIC ACID, PEG-150 DISTEARATE, BHT, DISODIUM EDTA, SODIUM HYDROXIDE, SODIUM CHLORIDE, PHENOXYETHANOL, FRAGRANCE.

*This product is not manufactured or distributed by Conopco, Inc., owner of the registered trademark Dove®.

### C.   Definition of Hypoallergenic

43.    Merriam-Webster defines "hypoallergenic" as "having little likelihood of causing an allergic reaction," while Dictionary.com defines the term as "designed to reduce or minimize the possibility of an allergic response . . . ."

44.    Further, the prefix "hypo-" means "less than" and implies a relative relationship.

45.    Thus, the term "hypoallergenic" on the Product's label communicates to reasonable consumers that the Product is less likely to cause an allergic reaction in its intended users than similar, competing products which do not claim to be hypoallergenic.

46.    The term "hypoallergenic" on the Product's label also communicates to reasonable consumers that the Product should be just as likely or less likely to cause an allergic reaction in its intended users than similar, competing products which also claim to be hypoallergenic.

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

47.     Separately, the term "hypoallergenic" on the Product's label communicates to reasonable consumers that the Product is not a skin sensitizer and does not contain skin sensitizers or allergens in amounts that can cause skin irritation, corrosion, or contact dermatitis or other allergic responses in the Product's intended users.

48.     The scientific definition of a skin sensitizer is a substance capable of initiating an immune response in the skin, causing localized or systemic inflammation upon repeated or subsequent exposure.

49.     Under the U.S. Occupational Safety and Health Administration's ("OSHA") Hazard Communication Standard and the United Nations Globally Harmonized System of Classification and Labelling of Chemicals ("GHS"), a skin sensitizer is defined as a chemical that will lead to an allergic response following skin contact. OSHA classifies a chemical as a skin sensitizer if there is evidence in humans that the substance can lead to sensitization by skin contact in a substantial number of persons, or if there are positive results from an appropriate animal test.

50.     If a skin sensitizer makes up 0.1% or more of a product, or if the product contains a sensitizer that may elicit an allergic response at concentrations smaller than 0.1% in individuals who are already sensitized to the chemical, the *entire* product mixture is classified as a skin sensitizer.

51.     A product that is a skin sensitizer is not hypoallergenic and is not suitable for sensitive skin. Once skin is sensitized, even a *minute* amount of the chemical allergen is enough to cause a full-blown allergic response. Thus, reasonable consumers seeking hypoallergenic products expect that such products do not contain *any* substances which are skin sensitizers according to the above scientific and regulatory definition.

**D.     Product Ingredients Contradicting Defendant's Claims**

52.     Defendant's Product contains substances classified by reputable authorities as skin sensitizers.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

53.     Specifically, the Product contains fragrance chemicals. Fragrance is one of the most common allergens and skin irritants, and a leading cause of allergic contact dermatitis according to the AAD. Indeed, the AAD estimates about 2.5 *million* Americans have fragrance allergies.

54.     The Product contains fragrance in an amount that can be reasonably expected to induce an allergic response in a significant number of people, and especially so in the intended customer base.

55.     The risk of contact dermatitis from fragrance chemicals increases for those with compromised skin barriers and skin sensitivities. For individuals with sensitive skin or conditions like eczema, rosacea, or psoriasis, the use of fragranced products can be particularly problematic, exacerbating these conditions over time.

56.     Even when there is no visible redness or rashes after using a product with fragrance chemicals, there may be inflammation at the cellular level and long-term consequences if use is prolonged. With repeated exposure over time, even individuals who initially tolerate fragranced products may develop allergies or sensitivities, sometimes leading to chronic skin issues.

57.     The role of fragrance in skin care products is limited to aesthetic appeal and masking the natural scent of active ingredients. In other words, fragrance chemicals serve no essential purpose and do not contribute to the efficacy of skin care products in treating or alleviating skin issues.

58.     Because even a *minute* amount of a chemical allergen is enough to cause a full-blown allergic response, Defendant knows that consumers rely upon it to not only test the final product formulation for basic safety, but to select only those ingredients that are known to be safe, and to avoid ingredients that are known, common allergens.

59.     The fact that the Product contains fragrance also directly contradicts Defendant's claims that the Product is "unscented."

60.     Consumer reviews confirm consumers' surprise and disappointment that the Product Defendant markets as "hypoallergenic," "unscented," and for "sensitive skin" would have such a high concentration of fragrance chemicals, and would so routinely cause allergic reactions:

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

 Scott Brockett

★☆☆☆☆ **Not Hypoallergenic**
Reviewed in the United States on September 21, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 2) | Verified Purchase

The product description specifically says it is unscented. The last ingredient on the list is fragrance. I just used it and the scent triggered an asthma attack. I'm sending it back. I was hoping this would replace the discontinued Dial clean and gentle body wash.

 Amazon Customer

★☆☆☆☆ **Don't waste your money**
Reviewed in the United States on August 27, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

Not unscented, not hypoallergenic. False advertising.

 DC shopper

★☆☆☆☆ **Product is NOT unscented as advertised.**
Reviewed in the United States on December 25, 2024
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

I am extremely disappointed and frankly misled by the Amazon Basics Body Wash. The product was explicitly advertised as unscented (Amazon Basics Body Wash for Sensitive Skin, Hypoallergenic, Unscented, 22 fl oz (Pack of 1), which was the sole reason I purchased it, especially given the same-day delivery option. This was crucial for my Christmas guests, and now, due to this blatant misrepresentation, I'm left in a difficult situation. This false advertising has directly impacted my holiday gatherings.

 Euphobic

★☆☆☆☆ **Not hypoallergenic**
Reviewed in the United States on December 8, 2024
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

It gives me hives. No complaints other then that :(



 Kitty

★☆☆☆☆ **Misleading**
Reviewed in the United States on July 15, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 2)

How is it hypoallergenic when soy is a top 9 allergen

17

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Kristy

★☆☆☆☆ **BEWARE**
Reviewed in the United States on October 27, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

This product is shown as unscented, but it is NOT unscented. Not only does it stink, but the list of ingredients includes "FRAGRANCE".

Helpful | Report

Charlie Andrews

★☆☆☆☆ **Contains fragrance**
Reviewed in the United States on October 1, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

I bought it specifically because it said "fragrance free" as needed for pre-operatively. In the list of ingredients on the bottle , there is fragrance. It is not unscented.

Helpful | Report

Wendell J Moss

★☆☆☆☆ **NOT UNSCENTED**
Reviewed in the United States on September 22, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

The information regarding the product being unscented is incorrect. Please read the ingredient label that specifically includes "Fragrance". If you have eczema or other skin sensitivies, DO NOT USE THIS PRODUCT!

Helpful | Report

Roy

★☆☆☆☆ **Misleading**
Reviewed in the United States on October 1, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

It says unscented, it is not. Absolutely unusable.

Helpful | Report

Jackie Diaz

★☆☆☆☆ **Not for sensitive skin**
Reviewed in the United States on January 21, 2026
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

Falsely advertised as compared to dove sensitive which it is not the same ingredients or close. My daughter who has allergies broke out in a rash. Will never buy again.

Helpful | Report

Kels

★☆☆☆☆ **Allergic Reaction**
Reviewed in the United States on September 22, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

Triggers an allergic reaction

Helpful | Report

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

 **Philip J Carbonaro**

★☆☆☆☆ **MOST DEFINITELY NOT UNSCENTED**

Reviewed in the United States on March 27, 2025

Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

Do not believe the item description that claims this body wash is unscented. The list of ingredients includes one that says "fragrance". That word is generous. It's more of an odor that is distinctly institutional. My bathroom and adjoining bedroom reeks.

It's so bad it's not even worth returning. I wouldn't want to take the chance someone else might have to smell it.

The only reason you should buy this is if you're nostalgic for your last visit to a bus station rest room..



2 people found this helpful

Helpful | Report

 **Amazon Customer**

★☆☆☆☆ **Don't waste your money**

Reviewed in the United States on August 27, 2025

Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

Not unscented, not hypoallergenic. False advertising.

Helpful | Report

 **Renee Perry**

★☆☆☆☆ **Not scent free as advertised!**

Reviewed in the United States on March 22, 2025

Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

I purchased the sensitive, scent free bottle but unfortunately its 1000% not true. The unscented bottle has one of the strongest perfumed scents I've ever smelled. If you have a scent allergy like I do this is not the product for you. I wasted my money.

2 people found this helpful

Helpful | Report

**Jack Calkins**

★☆☆☆☆ **Experienced a bad allergic reaction**

Reviewed in the United States on July 20, 2025

Style: Moisturizing | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

I broke out in hives immediately after my initial use of this product. Would not recommend.

Helpful | Report

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

 **DC shopper**

★☆☆☆☆ **Product is NOT unscented as advertised.**

Reviewed in the United States on December 25, 2024

Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

I am extremely disappointed and frankly misled by the Amazon Basics Body Wash. The product was explicitly advertised as unscented (Amazon Basics Body Wash for Sensitive Skin, Hypoallergenic, Unscented, 22 fl oz (Pack of 1), which was the sole reason I purchased it, especially given the same-day delivery option. This was crucial for my Christmas guests, and now, due to this blatant misrepresentation, I'm left in a difficult situation. This false advertising has directly impacted my holiday gatherings.



3 people found this helpful

[ Helpful ] | Report

---

 **xsvtoys**

★☆☆☆☆ **It is NOT unscented, the description is incorrect**

Reviewed in the United States on March 20, 2025

Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

IT IS NOT UNSCENTED. The last ingredient is "fragrance". But the description says it is unscented. Come on man, how hard is this, get the description right.

ZERO POINT ZERO

One person found this helpful

[ Helpful ] | Report

---

 **Rodrigo and Rebecca Lara**

★☆☆☆☆ **Not unscented**

Reviewed in the United States on October 27, 2025

Style: Sensitive | Size: 22 Fl Oz (Pack of 1)

I bought this body wash so I could use it after my surgery and I needed something unscented. It didn't have added fragrance, but it was not unscented so I ended up not being able to use it after surgery because of my wounds and my stitches needed unscented products.

[ Helpful ] | Report

---

 **Erica Rene**

★☆☆☆☆ **Inaccurate description - NOT unscented**

Reviewed in the United States on February 13, 2025

Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

Product is misleading. It's listed as an unscented body wash, but it isn't. The scent is nasty and if you look at the ingredients, the last one is fragrance. Not what I was expecting. At least it was cheap.

3 people found this helpful

[ Helpful ] | Report

CLASS ACTION COMPLAINT

**WYATT GRONSKI** PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

PaKe

★☆☆☆☆ **False product description leads to disappointment**
Reviewed in the United States on February 12, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | **Verified Purchase**

This product is not unscented. I bought this specifically because this product was described as "Unscented".

If you check the ingredient list, you'll see fragrance listed. Ultimately a floral soap that I have no interest in.

3 people found this helpful

Helpful | Report

kathi

★☆☆☆☆ **Not unscented.**
Reviewed in the United States on June 18, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | **Verified Purchase**

This product is not unscented. Fragrance is one the ingredients.

Helpful | Report

Jennifer Knol

★☆☆☆☆ **Strong odor**
Reviewed in the United States on February 20, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | **Verified Purchase**

It claims to be unscented. It is not. It smells like any other body wash.

Helpful | Report

dand

★☆☆☆☆ **not unscented. false description.**
Reviewed in the United States on December 17, 2024
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | **Verified Purchase**

Check item description on site. Bottle says in large print, unscented. Product has strong perfume smell and in ingredients it includes fragrance. False promotion.

5 people found this helpful

Helpful | Report

HepAlien

★☆☆☆☆ **Sensitive Skin Formula Smells Like Perfume**
Reviewed in the United States on July 9, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | **Verified Purchase**

Why did you pick this product vs others?:
The sensitive skin one contains a really gross smelling flowery fragrance akin to perfume.
It should not have any scent at all.
Saying it's a sensitive skin formula is very deceiving.
I had to get rid of mine because I'm allergic to fragrances.

3 people found this helpful

Helpful | Report

21

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

PittyMom

★☆☆☆☆ **Sensitive is NOT unscented!**
Reviewed in the United States on December 22, 2024
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

I bought the sensitive body wash specifically because it was 'unscented'. But it's not. VERY smelly and fragrance is listed in the ingredients.

4 people found this helpful

[ Helpful ] | Report

Robert William Newbury

★☆☆☆☆ **This is not unscented.**
Reviewed in the United States on February 14, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

advertised as unscented, but this product has fragrance in it. Faulty advertising.

3 people found this helpful

[ Helpful ] | Report

Avid Reader

★☆☆☆☆ **Doesn't lather, awful faint smell**
Reviewed in the United States on December 5, 2024
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

Terrible product. Doesn't lather at all and has a faint gross smell even though it's supposed to be unscented. Returned.

3 people found this helpful

[ Helpful ] | Report

Ted F.

★☆☆☆☆ **This ais not unscented**
Reviewed in the United States on September 24, 2024
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

I bought this specifically because it was supposed to be unscented. It absolutely has a perfumey scent to it.

2 people found this helpful

[ Helpful ] | Report

Maro

★☆☆☆☆ **Doesn't moisturize with continuous use and give dry and itchy skin**
Reviewed in the United States on August 22, 2025
Style: Sensitive | Size: 22 Fl Oz (Pack of 1) | Verified Purchase

These are really cheap compared to Dove Sensitive and they are not as good as Dove Sensitive. They are very drying and made my skin itch. The soap doesn't lather and that's fine. However, it is not creamy and doesn't spread easily. I used three bottles of this soap and it lasted me 5 months. At first, it was fine. However, with continued usage my skin was very itchy and dry. I would not recommend. Maybe, one bottle would be alright. I did notice towards the end of the first bottle my skin began to dry. My skin was able to keep the moisture at first from the previous body wash.

[ Helpful ] | Report

22

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

61.     These are consumer reviews from Defendant's website. Because Defendant is the retailer who sells the Product on its own platform, Defendant has been aware of these and similar consumer reviews for years, including how consumers feel deceived and misled, and how many of them developed rashes and hives after using the Product. Defendant monitors and is aware of consumer reviews of its own products purchased from its own platform.

62.     The Product also contains an array of other compounds known to cause allergic responses on skin.

63.     For example, the Product contains cocamidopropyl betaine in an amount that can be reasonably expected to induce an allergic response in a significant number of people. This chemical is a surfactant (soap). Besides water, it is the first ingredient listed on the Product's back label.

64.     According to Safety Data Sheets from Defendant and its competitor, Unilever United States, Inc., who manufactures the comparable product Dove Sensitive Skin Body Wash, cocamidopropyl betaine is present in the Product at concentrations of 1-10%, an amount more than sufficient to induce an allergic response in a significant number of people.

65.     Cocamidopropyl betaine has been recognized as a Category 1 skin sensitizer by reputable authorities, based on positive animal and/or human testing demonstrating that repeated skin contact can be expected to cause allergic response in a substantial number of persons. In fact, cocamidopropyl betaine was named the Allergen of the Year in 2004 by the American Contact Dermatitis Society.

66.     Cocamidopropyl betaine is also a skin irritant and causes Category 1 eye damage, i.e., it causes serious damage to the eye tissue or serious physical decay of vision which is not fully reversible within 21 days of application. Based on human or animal evidence, it is suspected of damaging fertility or the unborn child. It is also very toxic to aquatic life.

67.     The Product also contains glycerin in an amount that can be reasonably expected to induce an allergic response in a significant number of people. Glycerin is known to cause eczema in

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

humans. Based on its chemical structure and similarity to other known skin sensitizers, it is a suspected skin sensitizer. Glycerin is classified as a skin and eye irritant.

68.    The Product also contains phenoxyethanol, a synthetic preservative, in an amount that can be reasonably expected to induce an allergic response or skin reaction in a significant number of people with sensitive or compromised skin. Phenoxyethanol has been linked to contact dermatitis, eczema, and other allergic-type skin reactions in humans.

69.    Published case reports describe patients who developed contact dermatitis, hives, and even anaphylaxis after topical exposure to products containing phenoxyethanol, with allergy confirmed by provocation and patch testing, demonstrating that phenoxyethanol can function as a skin sensitizer and allergen.

70.    Authoritative reviews and advocacy organizations classify phenoxyethanol as a potential skin allergen and irritant, noting that skin exposure to products containing approximately one percent or more phenoxyethanol has been associated with eczema and other inflammatory reactions that resolve only after discontinuation of the offending product

71.    Some of the Product's ingredients have not yet been sufficiently studied or analyzed for their skin sensitization potential.

72.    To be clear, many of the Product's ingredients are permitted in body care products. But Defendant did not simply claim that the Product is lawful to manufacture and sell. Defendant falsely and misleadingly claimed the Product is "hypoallergenic," "unscented," and suitable for "sensitive skin" when it is not.

73.    Accordingly, Defendant's inclusion of fragrance chemicals and other skin sensitizers in the Product as alleged herein directly contradicts the "hypoallergenic," "unscented," and "sensitive skin" claims.

74.    In fact, the Product is just as likely, and possibly *more* likely, to cause an allergic reaction in its intended users than similar competing products which do not claim to be "hypoallergenic" or "unscented." An example is Defendant's own Amazon Basics brand Moisturizing

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

Body Wash. Compared to the Product, the moisturizing body wash has ***identical*** ingredients except that the Product ironically contains a higher concentration of Sodium Lauroyl Isethionate (a surfactant) relative to its concentration of Coconut Oil (a moisturizer) according to the back labels. And yet Defendant does not market the moisturizing body wash as "hypoallergenic" or "unscented" or for "sensitive skin" despite the lower concentration of surfactants which are known skin irritants and contact allergens.

75.    Another example is Kroger's Sensitive Skin Body Wash, a copycat product which, like the Product, compares itself to Dove Sensitive Skin Hypoallergenic Body Wash. However, unlike Dove's body wash and Defendant's Product, Kroger chooses not to deceive consumers by claiming the product is "hypoallergenic" or "unscented" anywhere on the label or in marketing:

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20    76.    The Product is also far more likely to cause an allergic reaction in its intended users than

21  similar, competing products which claim to be hypoallergenic, unscented, and for "sensitive skin" on

22  their labels and, in fact, *are* hypoallergenic and unscented. An example is Cetaphil Ultra Gentle Body

23  Wash Sensitive, which has a "Hypoallergenic" claim on its front label, contains zero fragrance

24  chemicals, and, as a result, is less likely to cause issues with sensitive skin than the Product:

25
26
27                                        26

28                                                    WYATT GRONSKI
                                                         PLLC
                                                    ─────────────
                                                    ATTORNEYS
                                              540 Newport Way NW, Suite 200
                                                  Issaquah, WA 98027
                                                     425.395.7784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

**E.    Consumer Deception**

77.    Defendant's conduct alleged herein deceived and continues to deceive the public into believing the Product is hypoallergenic, unscented, and suitable for sensitive skin, as labeled and advertised.

78.    These representations were and continue to be false, as explained *supra*.

79.    Consumers would not know the true nature of the Product by looking at the front label of the Product. There is nothing on the front label (like an asterisk) disclaiming or modifying the "hypoallergenic" or "sensitive skin" representations. The "unscented," "hypoallergenic" and "sensitive skin" representations are not ambiguous or vague to reasonable consumers such that they would reasonably think or be expected to investigate the representations further before purchasing the Product. Further, consumers are overall less likely to look at ingredient lists on personal care products than for food, which consumers believe to have a more immediate and direct impact on their health.

80.    Consumers lack the ability to test or independently ascertain the potential for allergic contact dermatitis or skin sensitivities at the point of sale. Consumers also cannot open the lid and smell the Product while shopping online to detect fragrance at the point of sale on amazon.com. Reasonable consumers must and do rely on Defendant to honestly report and represent the nature of the Product and its ingredients.

81.    Defendant made the above false, deceptive, and misleading misrepresentations and omissions on the package of the Product and on its website on the Product page.

82.    The "hypoallergenic" and "sensitive skin" misrepresentations and related omissions were consistent and uniform during the last four years, and have been communicated to Plaintiff and to each member of the proposed classes at every point of purchase and consumption.

83.    The "unscented" misrepresentation and related omissions were consistent and uniform during the majority of the last four years, until at least June 5, 2025, and likely into winter 2025, and was actually communicated to Plaintiff and to each member of the proposed classes at the point of purchase.

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

84.    Defendant deceptively and misleadingly conceals material facts about the Product, including:

   a.   the true nature of the Product's formulation and effect;

   b.   that the Product contains allergens/sensitizers/irritants;

   c.   the identity and concentration of the allergens/sensitizers/irritants in the Product;

   d.   that the Product is not "hypoallergenic," "unscented," or suitable for "sensitive skin";

   e.   that the Product is not what a reasonable consumer would consider to be "hypoallergenic," "unscented," or suitable for "sensitive skin"; and

   f.   that the Product contains chemicals that a reasonable consumer would not expect in a product labeled as "hypoallergenic," "unscented," or suitable for "sensitive skin."

85.    Plaintiff and the members of the proposed classes are not at fault for failing to discover Defendant's wrongs earlier and had no actual or presumptive knowledge of facts sufficient to put them on inquiry notice.

86.    Defendant knew what representations it made regarding the Product, and Defendant knew what ingredients were added to the Product.

87.    Defendant also knew sufficient facts demonstrating that its Product contains allergens, sensitizers, and/or irritants in sufficient quantities to cause skin irritation or corrosion, contact dermatitis, rashes, hives, and/or other symptoms of skin allergies in its intended users, and that the Product was therefore falsely labeled.

88.    For example, Defendant is aware of countless consumer complaints spanning several years about the Product on its own platform. These consumers bemoan being misled by Defendant's "hypoallergenic," "unscented," and "sensitive skin" claims after learning the Product has a strong fragrance, with many experiencing rashes and hives caused by the Product.

89.    As Defendant knows, consumers prefer products which are hypoallergenic, unscented, and suitable for sensitive skin, especially those with sensitive skin or who have children with sensitive skin, eczema, or other skin conditions. As Defendant knows, consumers will pay a premium for

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

products which are hypoallergenic, unscented, and suitable for sensitive skin or may choose not to purchase certain products at all unless they were truly products hypoallergenic, unscented, and suitable for sensitive skin, as advertised.

90.     In making the false, misleading, and deceptive representations and omissions at issue: (a) Defendant intended Plaintiff and proposed class members to rely upon these representations and omissions in purchasing and using the Product; (b) Defendant knew and intended that consumers would purchase the Product when consumers would otherwise purchase a competing product; and (c) Defendant knew and intended that consumers would pay a premium for a product that was hypoallergenic, unscented, and suitable for sensitive skin. Defendant's conduct furthered its private interest of increasing sales of its products and decreasing the sales of products marketed by its competitors.

91.     With respect to the Product, Defendant knew some of the most important, material label representations to consumers are the statements that the Product is "hypoallergenic," "unscented," and for "sensitive skin." Defendant made these prominent statements with knowledge that they are false and/or misleading to reasonable consumers. By deceiving consumers about the nature, quality, and/or ingredients of its Product, Defendant was and continues to take away market share from competing products and command a price premium, thereby increasing its own sales and profits.

92.     Defendant deceptively and misleadingly conceals other material facts about the Product, including: (a) the true nature of the Product's ingredients; (b) that the Product contains chemicals commonly known to be allergens, sensitizers, and/or irritants; (c) that the Product is not "hypoallergenic," "unscented," or suitable for "sensitive skin" and not what reasonable consumers would consider "hypoallergenic," "unscented," or suitable for "sensitive skin"; and (d) that the Product contains chemicals that a reasonable consumer would not expect in a product labeled "hypoallergenic," "unscented," or suitable for "sensitive skin".

93.     To this day Defendant continues to conceal and suppress the existence, identity, nature, and concentration of fragrance chemicals in the Product.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah, WA 98027
425.395.7784

94.    Similarly, to this day, Defendant continues to conceal and suppress the fact that the Product is not "hypoallergenic" or for "sensitive skin" as promised.

95.    When Plaintiff and the proposed class members purchased the Product, Plaintiff and the proposed class members saw the false, misleading, and deceptive representations detailed above, and did not receive disclosure of the facts concealed, as detailed above.

96.    Plaintiff and the proposed class members were among the intended recipients of Defendant's deceptive representations and omissions.

97.    Plaintiff and the proposed class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

98.    Defendant's false, misleading, and deceptive misrepresentations and omissions deceived and misled Plaintiff and the proposed class members, and continue to mislead reasonable consumers and the public.

99.    Defendant's misleading affirmative statements further obscured what it failed to disclose. Thus, reliance upon Defendant's misleading and deceptive representations and omissions may be presumed.

100.    Defendant made the deceptive representations and omissions with the intent to induce Plaintiff and the proposed class members to purchase the Product. Plaintiff's and the proposed class members' reliance upon such representations and omissions may be presumed.

101.    Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. Thus, Plaintiff's and the proposed class members' reliance upon such representations and omissions may be presumed as a matter of law. The materiality of those representations and omissions also establishes causation between Defendant's conduct and the injuries sustained by Plaintiff and the proposed class members.

102.    Defendant knew or should have known that reasonable consumers would consider the representations material in deciding to purchase the Product.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport  Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

103.    Defendant knew or should have known that the representations could plausibly deceive reasonable consumers into believing that the Product is unscented, hypoallergenic, and suitable for sensitive skin and contains no known, common allergens.

104.    Reasonable consumers: (a) ascribe a common meaning to words on product labels and product pages; (b) rely on product labels and pages for their truth and accuracy; (c) are not required to conduct independent research to determine the truth of label and product page statements; and (d) are not expected to look beyond misleading representations on the front label of a product or in marketing materials to determine whether they are false.

105.    Instead, it is the responsibility of product manufacturers and sellers to accurately label their products in a manner that is not misleading.

106.    Even a perfectly true statement that is couched in a manner that is likely to mislead or deceive consumers is actionable.

107.    Plaintiff and reasonable consumers reasonably believed that the prominent front label statements that the Product is hypoallergenic and suitable for sensitive skin were true.

108.    As described herein, Defendant's front label statements are false, and Defendant's "unscented" representation is false.

109.    Accordingly, there is no "common sense" interpretation of the representations that would overcome their falsity.

**F.    Injuries and Damages**

110.    As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and putative class members in that they:

    a.    paid a sum of money for a product that was not as represented;

    b.    paid a premium price for a product that was not as represented;

    c.    were deprived the benefit of the bargain because the Product they purchased was different from what Defendant warranted;

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

d.  were deprived the benefit of the bargain because the Product they purchased had less value than what was represented;

e.  did not receive a product that measured up to their expectations as created by Defendant;

f.  used (or caused their children to use) a substance that Plaintiff and the proposed class members did not expect or consent to;

g.  used (or caused their children to use) a product that was not hypoallergenic, unscented, or suitable for sensitive skin;

h.  without their knowing consent, used (or caused their children to use) a substance that is likely to cause an allergic reaction and is generally harmful to the health of individuals with sensitive skin, skin allergies, and compromised skin barriers; and

i.  without their knowing consent, used (or caused their children to use) a substance that is itself a skin sensitizer per scientific and regulatory definitions.

111.    Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the proposed class members would not have been injured as listed above.

112.    Accordingly, Plaintiff and the proposed class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

113.    As the intended, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant has been unjustly enriched through more sales of the Product and higher profits at the expense of Plaintiff and the proposed class members. As a direct and proximate result of its deception, Defendant also unfairly obtained other benefits, including the higher value associated with a product or brand that is "hypoallergenic," "unscented," and for "sensitive skin," the resulting higher stock value, redirected sales to Defendant and away from its competitors, and increased sales of its other products.

## G.    Pre-suit Notice

114.    On November 18, 2025, Plaintiff served a written demand for relief via certified mail to Defendant's registered agent, which was at over 30 days prior to the filing of this amended complaint.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

**H.    Choice of Law**

115.    Defendant's website has a choice of law and choice of venue clause in a contract entitled "Conditions of Use."

116.    The choice of law and venue clause states, "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."[3]

117.    The Product at issue here is subject to Amazon's choice of law and choice of venue clause, requiring the application of Washington law to this dispute, and for any dispute to be brought in this Court.

118.    Accordingly, Washington law should apply to this dispute.

**I.    No Adequate Remedy**

119.    Plaintiff seeks damages and, in the alternative, restitution. Plaintiff also seeks an injunction. Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law. Legal remedies here are not adequate because they would not stop Defendant from continuing to engage in the deceptive practices described above. In addition, a legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. Plaintiff's remedies at law are also not equally prompt or efficient as their equitable ones. For example, the need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

## CLASS ACTION ALLEGATIONS

120.    ***Class Definition:*** Plaintiff brings this action on behalf all people in the following class (collectively referred to as "Class Members"):

---

[3] https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

121.    <u>Nationwide Class</u>: all Amazon consumers in the United States who purchased the Product from Amazon for personal or household use during the four years preceding the date on which Plaintiff filed her original Complaint.

122.    Subject to additional information obtained through further investigation and discovery, the foregoing class definition may be expanded or narrowed by amendment or in the motion for class certification, including through the use of multi-state subclasses to account for material differences in state law, if any.

123.    Excluded from the Class are Defendant, any affiliate, parent, or subsidiary of Defendant, any entity in which Defendant has a controlling interest, any officer or director of Defendant, any judge to whom this case is assigned, members of the judge's staff, and the judge's immediate family. Also excluded are any claims for personal injury. The Classes may be modified pending discovery and developments in the litigation.

124.    ***Numerosity:*** Class Members are so numerous that their individual joinder herein is impracticable. On information and belief, the Class includes thousands of consumers. The precise number of Class Members and their identities are unknown to the Plaintiff at this time but may be determined through discovery. The identities of Class Members are readily ascertainable from Defendant's records and non-party records.

125.    ***Commonality and Predominance***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

    a.  Whether Defendant misrepresented and/or failed to disclose material facts concerning the Product;

    b.  Whether the omissions and representations on the Product's label and the Product's marketing materials, or any single omission or representation, is false, misleading, and/or deceptive;

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

c. Whether Defendant's conduct in advertising and selling the Product amounted to unlawful, unfair, and/or deceptive business practices;

d. Whether Defendant breached an express and/or implied warranty created through the labeling and marketing of its Product;

e. Whether Plaintiff and the Class Members are entitled to equitable and/or injunctive relief;

f. Whether Plaintiff and the Class Members have sustained damage as a result of Defendant's unlawful conduct;

g. Whether Defendant violated Washington's consumer protection statutes;

h. Whether Washington law applies to the Class's claims;

i. The proper measure of damages sustained by Plaintiff and the Class Members; and

j. Whether Defendant was unjustly enriched by its unlawful practices.

126.     *Typicality*: Plaintiff's claims are typical of those of the other Class Members because, *inter alia*, all members of the Class were injured through the common misconduct described above. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

127.     **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the other Class Members and the infringement of the rights and the damages Plaintiff has suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and intends to prosecute this action vigorously.

128.     *Superiority*. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, inter alia, the following reasons: prosecutions of individual actions are economically impractical for Class Members; the Class Members are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs,

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

129.    Defendant has acted or failed to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief with respect to the Class Members as a whole.

130.    Without a class action, Defendant will continue a course of action that will result in further damages to the Plaintiff and Class Members and will likely retain the benefits of its wrongdoing.

## FIRST CLAIM FOR RELIEF

### Violations of the Washington Consumer Protection Act: RCW Chapter 19.86

131.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

132.    Plaintiff brings this cause of action individually and on behalf of the Nationwide Class against Defendant.

133.    Defendant has violated the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86.

134.    Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

135.    Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

136.    Defendant engages in the conduct of trade or commerce within the meaning of the CPA. Defendant does this by selling the Product in a manner that directly and indirectly affects people of the state of Washington. Further, Defendant sells the Product nationwide.

137.    As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in their advertisements to Class Members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

138.    Defendant has represented and continues to represent to the public, including Plaintiff and members of the Nationwide Class and Multi-State Consumer Protection Class, through its deceptive packaging and advertising, that the Product is "hypoallergenic," "unscented," and suitable for "sensitive skin," and that it is fit for the purpose for which the Product would be used, and that it conforms to the promises or affirmations of fact made on the package or label and advertising materials. Because Defendant has disseminated misleading information regarding the Product, and Defendant knows, knew, or should have known, through the exercise of reasonable care, that the representations Defendant made are false and misleading, Defendant has violated the CPA.

139.    As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to her and members of the Nationwide Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the CPA or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Nationwide Class may be irreparably harmed and/or denied an effective and complete remedy.

140.    Defendant acted with knowledge and intent.

141.    This caused Plaintiff and putative class members to make purchases they otherwise would not have made, pay more for their purchases, and deprived them of their expectancy interest in receiving the Product as advertised.

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

142.    The harm to Plaintiff and putative class members greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price or nature of a consumer product. Plaintiff's and putative class members' injuries were not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

143.    Defendant engaged in fraudulent conduct that had the tendency or capacity to deceive or confuse reasonable consumers.

144.    Defendant's conduct also constitutes "unfair" business acts and practices within the meaning of the CPA, in that the conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous. Defendant's violation of consumer protection and unfair competition laws resulted in harm to consumers.

145.    As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the members of the Nationwide Class have suffered out-of-pocket losses.

146.    Plaintiff and the members of the Nationwide Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein, and they lack an adequate remedy at law to address the unfair conduct at issue here.

147.    Plaintiff seeks all relief available under the CPA.

## SECOND CLAIM FOR RELIEF

### Breach of Implied Warranty

148.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

149.    Plaintiff brings this cause of action individually and on behalf of the Nationwide Class against Defendant.

150.    Plaintiff asserts this cause of action under Washington law.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

151.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the Product, impliedly warranted that the Product was specially formulated to be "hypoallergenic," "unscented," and suitable for "sensitive skin" when that is not true.

152.    Defendant breached its warranty implied in the contract for the sale of the Product because it could not pass without objection in the trade under the contract description: the Product was not adequately contained, packaged, and labeled as per Defendant's contract with Plaintiff and members of the Nationwide Class, and the Product does not conform to the implied affirmations of fact made on the marketing and packaging for the Product. U.C.C. §§ 2-313(2)(a), (e), (f). As a result, Plaintiff and members of the Nationwide Class did not receive the goods as impliedly warranted by Defendant to be merchantable.

153.    Plaintiff and members of the Nationwide Class purchased the Product in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

154.    The Product was defective when it left the exclusive control of Defendant.

155.    Plaintiff and members of the Nationwide Class did not receive the goods as warranted.

156.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and members of the Nationwide Class have been injured and harmed because: (a) they would not have purchased the Product on the same terms if they knew the truth about the Product as alleged herein; and (b) the Product does not have the characteristics, uses, or benefits as promised by Defendant.

157.    Plaintiff seeks all available relief under this cause of action.

## THIRD CLAIM FOR RELIEF

### Breach of Express Warranty

158.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

159.    Plaintiff brings this cause of action individually and on behalf of the Nationwide Class against Defendant.

160.    Plaintiff asserts this cause of action under Washington law.

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

161. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the products at issue, expressly warranted that the Product was "hypoallergenic," "unscented," and suitable for "sensitive skin" when that is not true. The warranty was part of the description of the goods and the bargain upon which the goods were offered for sale.

162. By falsely representing that the Product was "hypoallergenic," "unscented," and suitable for "sensitive skin," Defendant breached its express warranty.

163. Plaintiff and members of the Nationwide Class did not receive the goods as warranted.

164. As a direct and proximate cause of Defendant's breach of the express warranty, Plaintiff and members of the Nationwide Class have been injured and harmed because: (a) they would not have purchased the Product on the same terms if they knew the truth about the Product as alleged herein; and (b) the Product does not have the characteristics, uses, or benefits as promised by Defendant.

165. Plaintiff seeks all available relief under this cause of action.

## FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

166. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

167. Plaintiff brings this cause of action individually and on behalf of the Nationwide Class against Defendant.

168. Plaintiff asserts this cause of action under the laws of Washington.

169. To the extent required, Plaintiff asserts this cause of action in the alternative to legal claims, as permitted by Rule 8.

170. Plaintiff and the Class Members conferred a benefit on Defendant in the form of the gross revenues Defendant derived from the money they paid to Defendant.

171. Defendant knew of the benefit conferred on it by Plaintiff and the Class Members.

172. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and the Class Members' purchases of the Product, which retention of such revenues under these

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

circumstances is unjust and inequitable because Defendant omitted that the Product was not hypoallergenic, nor "unscented," nor suitable for "sensitive skin." This caused injuries to Plaintiff and Class Members because they would not have purchased the Product or would have paid less for it if the true facts concerning the Product had been known.

173.    Defendant accepted and retained the benefit in the amount of the gross revenues derived from sales of the Product to Plaintiff and Class Members.

174.    Defendant has thereby profited by retaining the benefit under circumstances which would make it unjust for Defendant to retain the benefit.

175.    Plaintiff and Class Members are, therefore, entitled to restitution in the form of the revenues derived from Defendant's sale of the Product.

176.    As a direct and proximate result of Defendant's actions, Plaintiff and the Class Members have suffered in an amount to be proven at trial.

177.    Putative Class Members have suffered an injury in fact and have lost money as a result of Defendant's unjust conduct.

178.    Plaintiff and putative Class Members lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

179.    Legal remedies available to Plaintiff and class members are inadequate because they are not equally prompt, certain, or efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages. Damages and restitution are not the same amount. Unlike damages, restitution is not limited to the amount of money a defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles a plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Legal claims for damages are not equally certain as restitution because claims

CLASS ACTION COMPLAINT

WYATT GRONSKI
PLLC

ATTORNEYS

540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

1   for restitution entail few elements. In short, significant differences in proof and certainty establish that

2   any potential legal claim cannot serve as an adequate remedy at law.

3       180.    Equitable relief is appropriate because Plaintiff may lack an adequate remedy at law if,

4   for instance, damages resulting from their purchase of the Product are determined to be an amount less

5   than the premium price of the Product. Without compensation for the full premium price of the Product,

6   Plaintiff and class members would be left without the parity in purchasing power to which they are

7   entitled.

8                                **FIFTH CLAIM FOR RELIEF**

9                        **Fraud by Omission / Intentional Misrepresentation**

10      181.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though

11  fully set forth herein.

12      182.    Plaintiff brings this cause of action individually and on behalf of the Nationwide Class

13  against Defendant.

14      183.    Plaintiff asserts this cause of action under the laws of Washington.

15      184.    This claim is based on fraudulent omissions concerning the ingredients of the Product

16  and the fact that it is not hypoallergenic, unscented, or suitable for sensitive skin as alleged herein. As

17  discussed above, Defendant failed to disclose: (a) the true nature of the Product's ingredients; (b) that

18  the Product contains chemicals commonly known to be allergens, sensitizers, and/or irritants; (c) that

19  the Product is not "hypoallergenic," "unscented," or for "sensitive skin" and not what reasonable

20  consumers would consider "hypoallergenic," "unscented," or for "sensitive skin"; and (d) that the

21  Product contains chemicals that a reasonable consumer would not expect in a product labeled

22  "hypoallergenic," "unscented," or for "sensitive skin."

23      185.    The false and misleading omissions were made with knowledge of their falsehood.

24  Defendant knew the true nature of the Product and its ingredients. Nonetheless, Defendant continues to

25  sell the Product using the false and misleading omissions alleged herein to unsuspecting consumers.

26

27                                        43

28

**WYATT GRONSKI**
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

186.    Defendant's false and misleading omissions were intended to induce, and actually induced Plaintiff and Class Members to purchase the Product. Plaintiff and Class Members reasonably and justifiably relied on such false and misleading omissions to their detriment.

187.    The fraudulent actions of Defendant caused injury to Plaintiff and Class Members, who are entitled to damages and punitive damages.

188.    Plaintiff seeks all relief available under this cause of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully request that this Court:

a.    Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class;

b.    Appoint Plaintiff as representative of the Class;

c.    Appoint Plaintiff's counsel whose appearance is noticed herein as Class Counsel;

d.    Award all actual, compensatory, statutory, and/or punitive damages to which Plaintiff and Class Members are entitled in amounts to be determined by the Court and/or jury;

e.    Award restitution and all other forms of equitable monetary relief to which Plaintiff and Class Members are entitled and require Defendant to disgorge its ill-gotten gains;

f.    Award pre-judgment and post-judgment interest on such monetary relief at the highest legal rate to the extent provided by law;

g.    Grant injunctive relief as the Court may deem proper;

h.    Award reasonable attorneys' fees and costs to the extent provided by law; and

i.    Grant such further relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

Dated:  March 5, 2026

Respectfully submitted,

_/s/    Todd Wyatt_

**WYATT GRONSKI PLLC**
Todd Wyatt (Bar No. 31608)
540 Newport Way NW, Suite 200
Issaquah, WA 98027
Phone: 425-395-7784
E-Mail: todd@wdlawgroup.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (Cal. Bar No. 295032)*
28 Geary Street, Ste. 650 # 1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (Cal. Bar No. 244902)*
Aleksandr "Sasha" Litvinov (Ky. Bar. No. 95598)*
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com
E-Mail:  sasha@skclassactions.com

*pro hac vice to be filed*

CLASS ACTION COMPLAINT

**WYATT GRONSKI**
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784